# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | §     **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| **v.** | § |
| | §     Case Number: **4:16-cr-00197-DW-1** |
| **DANNY L. COLGAN** | §     USM Number: **31518-045** |
| | §     **William Brian Gaddy** |
| | §     Defendant's Attorney |

The defendant:

☒ pleaded guilty to Count 1 of the Information on June 13, 2016.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|
| Wire Fraud<br>18 U.S.C. § 1343 | 03/31/2016 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 10, 2016**
Date of Imposition of Judgment

 */s/ Dean Whipple*
Signature of Judge

**DEAN WHIPPLE**
**SENIOR UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**November 15 , 2016**
Date

DEFENDANT: DANNY L. COLGAN
CASE NUMBER: 4:16-cr-00197-DW-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**12 months and 1 day as to Count 1.**

☒ The court makes the following recommendations to the Federal Bureau of Prisons:
Defendant serve period of incarceration at the facility in Leavenworth, KS, to maintain contact w/family.

☒ The defendant shall surrender to the institution designated by the Bureau of Prisons at **12:00 p.m., Noon, on 01/03/2017.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
U.S. MARSHAL

**By:** _____
DEPUTY U.S. MARSHAL

DEFENDANT:       DANNY L. COLGAN
CASE NUMBER:     4:16-cr-00197-DW-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **two (2) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least

DEFENDANT: DANNY L. COLGAN
CASE NUMBER: 4:16-cr-00197-DW-1

   10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Provide the Probation Office with access to any requested financial information.

3. The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

4. The defendant shall be at his/her place of residence between the hours of 10:00 p.m. and 6:00 a.m., 7 days per week, unless his work schedule requires him to be at work past 10:00 p.m. If the defendant works beyond 10:00 p.m., he shall be at his place of residence within 30 minutes after his work day is complete.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____                          Date _____

DEFENDANT:　　　　DANNY L. COLGAN
CASE NUMBER:　　　4:16-cr-00197-DW-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

|  | **Assessment** | **JVTA Assesment*** | **Fine** | **Restitution** |
|---|---:|---|---:|---:|
| **TOTALS** | $100.00 |  | $0 | $608,257.00 |

☐　The determination of restitution is deferred until　　An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒　The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

　　Since the Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

　　Notwithstanding any other provision of this order, the Government may enforce restitution at any time.

　　Pursuant to 18 U.S.C. 3612(g), the defendant may be subject to delinquent and default penalties.

　　The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of his ability until this obligation is satisfied.

　　All payments shall be made through: Clerk of the Court, United States District Court, 400 East 9th Street, Room 1150, Kansas City, MO 64106.

　　While restitution is still owed, the defendant shall notify, within 30 days, the U.S. Attorney (United States Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO 64106) of any change of residence and the Court and U.S. Attorney when there is a material change in his economic circumstances.

　　* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| St. Joseph School District<br>Attn: Dr. Robert Newhart<br>925 Felix<br>St. Joseph, MO 64501 | $662,660.74* | $608,257.00 |  |

　　*The parties represent that the difference between the total loss and restitution ordered was paid by defendant prior to this date.

　　The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

DEFENDANT: DANNY L. COLGAN
CASE NUMBER: 4:16-cr-00197-DW-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒ Total assessment of **$100.00** due immediately.

☒ Restitution of **$608,257.00** due immediately. (At sentencing counsel for defendant tendered a check for the full amount of restitution ordered this date to counsel for the government.)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.